IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**OZ ARCHITECTURE, INC.**                                                                    **PLAINTIFF**

v.                                          CASE NO. 5:23-cv-05045-TLB

**OZ HOMES, LLC**                                                                             **DEFENDANT**

## COMPLAINT AND JURY DEMAND

For its Complaint against Defendant OZ Homes, LLC, Plaintiff OZ Architecture, Inc., through the undersigned, states and alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for direct trademark infringement, false designation of origin, and unfair competition arising under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and the common law of the State of Arkansas.

## THE PARTIES

2.      Plaintiff OZ Architecture, Inc. ("OZ") is a Colorado corporation with its principal place of business at 3003 Larimer Street, Denver, Colorado 80205.

3.      Defendant OZ Homes, LLC ("Defendant") is an Arkansas limited liability company with its principal place of business in Bentonville, Arkansas.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121(a) because OZ's claims arise under the Lanham Act.

5.      This Court has supplemental jurisdiction over OZ's Arkansas common law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367(a) because those claims are joined with substantial and

related claims under the Lanham Act, and are so related to the claims under the Lanham Act that they form part of the same case or controversy under Article III of the United States Constitution.

6. The exercise of *in personam* jurisdiction over Defendant comports with the laws of the State of Arkansas and the constitutional requirements of due process because Defendant is located in Arkansas, and Defendant transacts business, and/or offers to transact business, within Arkansas.

7. This Court also has personal jurisdiction over Defendant because Defendant has committed tortious acts in Arkansas causing injury to OZ in Arkansas. For example, as alleged below, Defendant has, without authorization, advertised, offered for sale, sold, and provided services highly related to those provided by OZ in connection with OZ's federally registered trademark which has caused injury to OZ in Arkansas.

8. Venue is proper in this District under 28 U.S.C. §§ 1391(b)(1) and 1391(c)(2) because Defendant is subject to personal jurisdiction in this District as Defendant resides in this District.

## ALLEGATIONS RELEVANT TO ALL COUNTS

**A.     OZ and its OZ Mark.**

9. Since at least as early as 1989, OZ has offered architectural and interior design services and construction planning for a wide range of property types (the "OZ Services") across the country under its house brand—OZ (the "OZ Mark").

10. OZ chose and used the OZ Mark in order to distinguish its offerings from those of its competitors.

11. OZ has expended great sums of money and substantial effort establishing, promoting and protecting the OZ Mark. Through continuous and extensive use and promotion of

the OZ Mark, and through the exercise of control over the quality of services offered thereunder, the OZ Mark has amassed substantial and valuable goodwill and consumer recognition, and consumers have come to closely associate the distinctive and valuable OZ Mark with OZ and the OZ Services.

12. OZ's hard-earned reputation for providing the highest quality of services under the OZ Mark is reflected in the robust and valuable body of goodwill symbolized by OZ's federal registrations for the OZ Mark in connection with the OZ Services (United States Registration Nos. 2,160,162 and 2,161,647) (the "OZ Regs."). Copies of the Certificates of Trademark Registration for the OZ Marks are attached hereto as **Exhibit A**.

13. OZ's priority in the OZ Mark dates back to at least as early as August 31, 1990 – the date OZ's predecessor in interest began use of the OZ Mark in interstate commerce, and in any event, no later than January 16, 1997—the date OZ's predecessor in interest filed the applications that would mature into the OZ Regs. A copy of the assignment history for the OZ Regs. showing that OZ is the owner of all right, title, and interest in and to the OZ Regs. is attached hereto as **Exhibit B**.

14. The OZ. Regs. are valid, subsisting, and incontestable and confer upon OZ the exclusive, nationwide right to use the OZ Mark in connection with the OZ Services.

15. OZ has not authorized Defendant to use the OZ Mark in any manner whatsoever.

**B.     Defendant and Its Wrongful Conduct.**

16. Defendant is a custom homebuilder based in Bentonville, Arkansas that identifies itself as OZ HOMES.

17. Defendant is unlawfully using the OZ Mark in connection with services similar and highly related to the OZ Services.

18. Defendant's use of the OZ Mark in connection with its services is likely to cause confusion, mistake, or deception in the market as to the source, origin, or sponsorship of Defendant's services, and to falsely suggest that Defendant and its services are sponsored by, connected to, or associated with OZ.

19. Upon information and belief, Defendant commenced use of the designation OZ in connection with its services in October of 2020—over twenty-three years after the latest possible priority date applicable to the OZ Mark, January 16, 1997.

20. OZ has no control over the quality or value of the services Defendant markets, promotes, offers, sells, and provides under designation OZ. The invaluable goodwill represented in the OZ Mark is thereby wrongfully at the mercy of Defendant.

21. By using the OZ Mark without authorization, Defendant is and has been willfully and intentionally trading upon the goodwill in the OZ Mark that OZ developed at its considerable expense and effort. Defendant thereby has caused and is causing OZ substantial and irreparable harm and injury.

## COUNT I
## TRADEMARK INFRINGEMENT
## LANHAM ACT, 15 U.S.C. § 1114

22. OZ repeats and realleges the preceding paragraphs as if fully set forth herein.

23. OZ has established nationwide priority in the OZ Mark as of January 16. 1997—the date of filing of the application resulting in the OZ Regs.

24. As of the date of OZ's nationwide priority, Defendant had not established any rights, registered or otherwise, in its use of the OZ Mark.

25. Defendant is not authorized to use the OZ Mark or any mark confusingly similar to or that in any way represents or implies that Defendant's services are in any way associated with OZ.

26. Nevertheless, Defendant has impermissibly used and continues to use in commerce the OZ Mark in connection with Defendant's services.

27. Defendant's unauthorized use of the OZ Mark as alleged herein constitutes trademark infringement in violation of the Lanham Act. Defendant's use of the OZ Mark is likely to cause confusion, mistake and/or deception as to the source or origin of Defendant's services, and has falsely suggested that Defendant and its services are sponsored by, connected to, or associated with OZ.

28. Defendant's wrongful use of the OZ Mark is knowing, deliberate, and willful. These knowing, deliberate, and willful acts include, without limitation, Defendant's continued use of the OZ Mark despite actual notice that such use infringed OZ's rights.

29. Defendant's actions violate the Lanham Act, 15 U.S.C. § 1114. Defendant has caused, and will continue to cause, immediate and irreparable injury to OZ, including injury to OZ's business, reputation, and goodwill, for which there is no adequate remedy at law. OZ is therefore entitled to an injunction under 15 U.S.C. § 1116 restraining Defendant, its agents, employees, representatives and all persons acting in concert with Defendant from engaging in future acts of infringement.

30. Pursuant to 15 U.S.C. § 1117, OZ is further entitled to recover from Defendant the damages sustained by OZ as a result of Defendant's acts in violation of the Lanham Act, 15 U.S.C. § 1114. OZ is at present unable to ascertain the full extent of the monetary damages it has sustained by reason of Defendant's acts.

31. Pursuant 15 U.S.C. § 1117, OZ is further entitled to recover from Defendant the gains, profits and advantages that Defendant has obtained as a result of its acts in violation of the Lanham Act, 15 U.S.C. § 1114. OZ is at present unable to ascertain the full extent of the gains, profits and advantages Defendant has obtained by reason of its acts.

32. Pursuant to 15 U.S.C. § 1117, OZ is further entitled to recover the costs of this action. Moreover, OZ is informed and believes, and on that basis alleges, that Defendant's conduct was undertaken willfully and with the intention of causing confusion, mistake or deception, making this an exceptional case entitling OZ to recover additional damages and reasonable attorneys' fees.

## COUNT II
## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
## 15 U.S.C. § 1125(a)

33. OZ repeats and realleges the preceding paragraphs as if fully set forth herein.

34. Defendant's unauthorized use of the OZ Mark or any mark confusingly similar to or that in any way represents or implies that Defendant's services are in any way associated with OZ as alleged herein constitutes unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a). Defendant's unauthorized use of the OZ Mark or any mark confusingly similar to or that in any way represents or implies that Defendant's services are in any way associated with OZ is likely to cause confusion, mistake and/or deception as to the source or origin of Defendant's services, and to falsely suggest that Defendant and its services are sponsored by, connected to, or associated with OZ.

35. Defendant's wrongful use of the OZ Mark is knowing, deliberate, and willful. These knowing, deliberate, and willful acts include, without limitation, Defendant's continued use of the OZ Mark despite actual notice that such use infringed OZ's rights.

36. Defendant's actions violate the Lanham Act, 15 U.S.C. § 1125(a). Defendant has caused, and will continue to cause, immediate and irreparable injury to OZ, including injury to OZ's business, reputation, and goodwill, for which there is no adequate remedy at law. OZ is therefore entitled to an injunction under 15 U.S.C. § 1116 restraining Defendant, its agents, employees, representatives and all persons acting in concert with Defendant from engaging in future acts of unfair competition and false designation of origin.

37. Pursuant to 15 U.S.C. § 1117, OZ is further entitled to recover from Defendant the damages sustained by OZ as a result of Defendant's acts in violation of the Lanham Act, 15 U.S.C. § 1125(a). OZ is at present unable to ascertain the full extent of the monetary damages it has sustained by reason of Defendant's acts.

38. Pursuant 15 U.S.C. § 1117, OZ is further entitled to recover from Defendant the gains, profits and advantages that Defendant has obtained as a result of its acts in violation of the Lanham Act, 15 U.S.C. § 1125(a). OZ is at present unable to ascertain the full extent of the gains, profits and advantages Defendant has obtained by reason of its acts.

39. Pursuant to 15 U.S.C. § 1117, OZ is further entitled to recover the costs of this action. Moreover, OZ is informed and believes, and on that basis allege, that Defendant's conduct was undertaken willfully and with the intention of causing confusion, mistake or deception, making this an exceptional case entitling OZ to recover additional damages and reasonable attorneys' fees.

## COUNT III
### Common Law Trademark Infringement

40. OZ repeats and realleges the preceding paragraphs as if fully set forth herein.

41. By the acts described above, Defendant has engaged in trademark infringement of the common law of the State of Arkansas.

42. Defendant's wrongful acts as described herein were knowing, deliberate, and willful. These knowing, deliberate, and willful acts include, without limitation, Defendant's continued use of the OZ Mark despite actual notice that such use infringed OZ's rights.

43. As a direct and proximate result of Defendant's actions described herein, OZ has suffered, and will continue to suffer, irreparable injury to its business, reputation, and goodwill, unless and until the Court preliminarily and permanently enjoins Defendant's actions. OZ has no adequate remedy at law.

44. As a direct and proximate result of Defendant's actions described herein, OZ has suffered, and will continue to suffer, monetary damages in an amount to be proven at trial.

## COUNT IV
## Common Law Unfair Competition

45. OZ repeats and realleges the preceding paragraphs as if fully set forth herein.

46. By the acts described above, Defendant has engaged in unfair competition under the common law of the State of Arkansas.

47. Defendant's wrongful acts as described in were knowing, deliberate, and willful. These knowing, deliberate, and willful acts include, without limitation, Defendant's continued use of the OZ Mark despite actual notice that such use infringed OZ's rights.

48. As a direct and proximate result of Defendant's actions described herein, OZ has suffered, and will continue to suffer, irreparable injury to its business, reputation, and goodwill, unless and until the Court preliminarily and permanently enjoins Defendant's actions. OZ has no adequate remedy at law.

49. As a direct and proximate result of Defendant's actions described herein, OZ has suffered, and will continue to suffer, monetary damages in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff OZ Architecture, Inc. respectfully requests that judgment be entered in its favor and prays:

A. That this Court preliminarily and permanently enjoin Defendant from directly, indirectly, contributorily, or vicariously infringing the OZ Mark, from any and all use of the OZ Mark, or any mark confusingly similar to the OZ Mark or that in any way represents or implies that Defendant's services are in any way associated with OZ, and from otherwise engaging in unfair competition or deception;

B. That this Court order Defendant to pay to OZ such damages as OZ has sustained by reason of Defendant's willful trademark infringement, false designation of origin, unfair competition, and other wrongful conduct;

C. That this Court order Defendant to account for and to pay OZ all profits derived by Defendant by reason of the acts complained of herein;

D. That this Court order Defendant to pay OZ its reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a); and

E. That this Court award OZ such other further relief as this Court deems just.

**DEMAND FOR JURY TRIAL**

OZ respectfully requests a trial by jury on all issues raised by this Complaint.

        Louis T. Perry (#25736-49)
        FAEGRE DRINKER BIDDLE & REATH  LLP
        300 North Meridian Street
        Suite 2500
        Indianapolis, IN  46204
        Telephone: (317) 237-0300
        Facsimile: (317) 237-0000
        Email: louis.perry@FaegreBD.com
        *Pro Hac Vice To Be Filed*

        QUATTLEBAUM, GROOMS & TULL PLLC
        111 Center Street, Suite 1900
        Little Rock, Arkansas 72201
        Telephone: (501) 379-1700
        Facsimile: (501) 379-1701
        jfalasco@qgtlaw.com


        By: /s/ Joseph R. Falasco
            Joseph R. Falasco (2002162)

        *Attorneys for OZ Architecture, Inc.*